**KUYKENDALL et al. v. BUTLER et al.**
**(No. 1752.)**

(Court of Civil Appeals of Texas. El Paso. June 4, 1925. Rehearing Denied June 25, 1925.)

1. **Appeal and error** ⬥846(5)—**Where court filed no findings and conclusions of law, judgment will not be disturbed if it can be sustained on any theory of the evidence.**

Where trial court filed no findings of fact and conclusions of law, judgment will not be disturbed if it can be sustained on any theory of the evidence.

2. **Boundaries** ⬥37(3)—**Surveyor's testimony held insufficient to show that boundary lines were longer than patent calls.**

In trespass to try title, wherein plaintiff claimed that north and south lines of survey were longer than lines called for in patent, testimony of surveyor who had employed an improper method in locating corner, *held* insufficient to show that lines were longer than patent calls.

3. **Boundaries** ⬥7—**Line located by running line from beginning corner.**

Where survey is made to locate east line of a survey, the beginning corner of which is the southeast corner, and marked, it is an improper method for the surveyor to locate the northeast corner by running line from a corner other than the southeast corner.

4. **Adverse possession** ⬥66(1)—**Title by adverse possession held acquired by fencing land and holding it continuously, peaceably, and adversely for nearly 30 years.**

Title by adverse possession, under 10 years' statute of limitation, *held* acquired by having land under fence for nearly 30 years and holding it continuously, peaceably, and adversely during this time, and using it for pasturage purposes.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by A. J. Kuykendall and others against J. E. Butler and others, in which J. L. York and others intervened. Judgment for defendants, and plaintiffs and interveners bring error. Affirmed.

O. S. York, of Galveston, and J. E. Elgin, of San Antonio, for plaintiffs in error.

Scott, Brelsford, Funderburk & Ferrell, R. L. Rust, J. R. Stubblefield, and Scott W. Key, all of Eastland, and Clarence Wightman and John Hancock, both of Fort Worth, for defendants in error.

HIGGINS, J. This suit was brought by Abner J. Kuykendall and others, heirs at law of M. J. Kuykendall, deceased, against J. E. Butler, the Norwood heirs, and others, in trespass to try title to a strip of land 91 varas wide running east and west through the John York survey in Eastland county; the northeast corner of the land sued for being located 1,481 varas south of the northeast corner of the York survey. J. L. York and others intervened, claiming the land as the heirs of the original grantee. Mrs. Mable Stevens Clark and others intervened claiming the land as the heirs of A. G. Stevens.

Upon trial without a jury, judgment was rendered for the defendants, from which the plaintiffs and interveners appeal.

The York survey is a square, its lines, according to the patent, being 4,444 varas in length, running north and south, east and west. The east half of the land sued for is claimed by the defendant in error, J. E. Butler, the west half by the defendants in error, the Norwood heirs. Some of the defendants in error hold oil and gas leases upon the premises claiming under Butler and the Norwoods. The suit as to the other defendants was dismissed.

The plaintiffs and the interveners have filed a joint brief. The consideration of the appeal is rendered difficult by the common cause made by them, when in fact, upon the record presented, their interests conflict.

The survey was located and patented by virtue of a certificate issued to John York, which certificate was sold by the administrator of York's estate to Abner Kuykendall in April, 1857. This sale was made under proper authorization of the probate court in which the estate of York was administered and passed title to the purchaser. The York heirs may be dismissed from further consideration because of this sale.

By chain of title under Abner Kuykendall, not necessary to detail, M. J. Kuykendall, A. G. Stevens, and George Butler acquired undivided interests in the York survey. By partition deed dated June 29, 1874, George Butler relinquished to A. G. Stevens and M. J. Kuykendall his interest in all that portion of the York survey lying 1,273 varas north of the south line thereof. On July 1, 1874, A. G. Stevens, for the purpose of partition, conveyed to M. J. Kuykendall all his interest in that portion of the survey thus described:

"Beginning in the E. line of the John York survey, in the N. E. corner of the Butler division (containing 1,000 acres); thence W. 4,444 vrs. to the original line of the York survey; thence N. 1,690 vrs. to the S. W. corner of the A. G. Stevens division for corner [1 call omitted]; thence S. 1,690 vrs. to the beginning containing 1,332 acres, more or less."

No partition deed appears in the record from M. J. Kuykendall to A. G. Stevens. According to the calls in these partition deeds, the north line of the Kuykendall land is 2,963 varas north of the south line of the York survey and 1,481 varas south of the north line of the survey. By deed dated December 15, 1874, A. G. Stevens conveyed to J. G. Stevens the land thus described:

"Beginning at the N. E. cor. of survey of ¾ of a league and labor of land in the name of the heirs of John York from which a P. O. brs. Mkd. T. S. 45 W. 42 vrs. a Mesquite bearing N. 42 E. 33⁵⁄₁₀ vrs.; thence W. 4,444 vrs.; thence S. 1,481 vrs. to a cor. on W. line of said York survey; thence, E. 4,444 vrs. to a cor. on E. line of said survey; thence N. 1,481 vrs. to place of beginning."

The east one-half of the M. J. Kuykendall tract passed by mesne conveyances to the defendant in error J. E. Butler; the west one-half by like conveyances passed to the ancestor of the defendants in error, the Norwood heirs.

The theory of the plaintiffs in error is that the lines of the York survey running north and south are 4,535 varas long instead of 4,444 varas, as called for in the patent, which leaves title to a strip of land in the central portion of the survey 91 varas wide, extending from the east to the west line of the York, vested in the heirs of either A. G. Stevens or M. J. Kuykendall, which strip is located 1,481 varas south of the north line of the York. Their brief does not advise in which set of heirs they contend such title is vested, but, so far as concerns the plaintiffs in error, who sue as the heirs of A. G. Stevens, there is no evidence to show heirship, and for this reason alone their suit failed.

It also appears, from the description in the Stevens to Kuykendall deed, as well as other evidence in the record, that the Kuykendall tract connected with the Stevens tract. It further appears that the division line between A. G. Stevens and M. J. Kuykendall was recognized and established by them on the ground at a point 1,481 varas south of the north line of the York. The north line of the land sued for is 1,481 varas south of the York north line, so we will assume that title to the land in controversy appears to be vested in the M. J. Kuyken-

dall heirs, if in fact there is an excess in the length of the lines of the York which run north and south as the plaintiffs in error contend.

[1] The trial court filed no findings of fact and conclusions of law, so the judgment will not be disturbed if it can be sustained upon any theory of the evidence.

[2, 3] The beginning corner of the York survey was the southeast. This and its northeast corner were its only marked corners. The material portion of the York field notes read:

"Beginning south 82 Deg. W. 1,715 vrs. from the N. W. cor. of a sur. in the name of E. Finley a pile of rock for cor. from which a P. O. brs. S. 7 Deg. E. 14⁵⁄₁₀ vrs. another brs. S. 32 Deg. W. 13³⁄₁₀ vrs.; thence N. at 280 vrs. crossed a branch at 2,020 vrs. Colony creek at 4,444 vrs. a cor. from which a P. O. brs. S. 45 W. 42 vrs. a Mesquite brs. N. 4 E. 33³⁄₁₀ vrs."

Plaintiffs in error rely upon the testimony of the surveyor Boone, to show that the east line of the York was 91 varas longer than the patent call. Boone said he surveyed the east line of the York for the purpose of ascertaining if there was a vacancy between the York and surveys west thereof. That was the only line he ran. He said the only known corner they had to begin with was the Ahrenbeck on the east, from whence he ran north "three hundred and some varas to the northeast corner of the York." He then ran south and found a bearing tree which he identified as one of the witness trees of the southeast corner. He does not testify that he found any bearing trees at the northeast corner, nor is there anything to show that the corner which he located as the northeast by running north from the Ahrenbeck corner was an established recognized corner of the York. He further testified that the distance between the southeast and northeast corners, as thus located, was 4,535 varas. It may be conceded he found the southeast corner of the York, but he located the northeast corner from a corner of the Ahrenbeck, and there is nothing to authorize the location of the northeast corner in this manner. There being nothing to show he properly located the northeast corner, there is no basis for the assumption that the east line of the York is longer than the patent call. According to the present record, Boone, after locating the southeast corner and identifying it by one of its bearing trees, should have then run north 4,444 varas and established the northeast corner at that point. There is nothing to warrant the location of such corner by surveying from the Ahrenbeck.

The judgment of the trial court may thus be supported upon the theory that the line was not shown to be longer than the patent call and no excess in the survey established.

[4] Furthermore, the evidence supports the plea of title in the defendants in error Norwood under the 10-year statute of limitation. It shows that the west one-half of the land in controversy has been under fence for nearly 30 years, and the Norwoods and those under whom they claim have had continuous, peaceable, and adverse possession thereof during that time, using the same for pasturage purposes.

The same is true as to Butler and those under whom he claims, with respect to all of the land sued for east of the Ranger-Eastland road. A small portion of the strip sued for lies west of that road, and east of the Norwood inclosure. As to that portion between the road and the Norwood inclosure, the evidence as to inclosure and use by Butler is insufficient to show title in him by limitation.

Affirmed.

### On Rehearing.

We erred in holding there is no evidence of the heirship of those who sue as the heirs of A. G. Stevens. In their motion for rehearing, our attention is called to evidence establishing the same. This, however, does not alter the conclusion that the case should be affirmed. The reasons for affirmance against the Kuykendall heirs apply with equal force to the Stevens heirs.

With the correction indicated, the motion for rehearing is overruled.